IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| William Scott Putnam,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security Administration,<br>　　　　　　　　Defendant. | Civil Action No. 5:17-cv-679-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed April 13, 2018, recommends the decision of the Commissioner be affirmed. ECF No. 22. On April 26, 2018, Plaintiff filed objections to the Report. ECF No. 24. On May 11, 2018, the Commissioner filed a response to Plaintiff's objections. ECF No. 26. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## Background

Plaintiff applied for DIB on September 23, 2013, alleging disability as of March 17, 2011 due to lower back pain, shoulder pain, neck pain, high blood pressure, insomnia, and anxiety. R[2]. at 210. Plaintiff's application was denied initially and upon reconsideration. On November 19, 2015, a hearing was held before an Administrative Law Judge ("ALJ"). On March 2, 2016, the ALJ issued a decision, finding Plaintiff was not disabled within the meaning of the Act from the alleged onset date through the date of decision. Plaintiff requested review by the Appeals Council, which was denied, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action March 13, 2017. ECF No. 1.

## Discussion

The Magistrate Judge recommends the court affirm the Commissioner's decision. Plaintiff objects to the Report, arguing: (1) substantial evidence does not support the ALJ's credibility determination; (2) the ALJ erred in over-assessing Plaintiff's residual functional capacity; and (3)

---

[2] Citations to the Record are denoted by "R."

3

the ALJ failed to consider or discuss the vocational consequences of Plaintiff's pain. ECF No. 24. The Commissioner argues Plaintiff's objections essentially rehash arguments made in her brief before the Magistrate Judge. ECF No. 26.

*1) Credibility Determination*

Plaintiff first argues the ALJ did not "build an accurate and logical bridge from the evidence" to his conclusion regarding Plaintiff's credibility when he found Plaintiff only partially credible. ECF No. 24 at 1. He contends the ALJ failed to consider Plaintiff's testimony regarding activities of daily living in context of his pain due to the activities. Therefore, Plaintiff argues, substantial evidence does not support the ALJ's credibility determination. *Id.* at 2.

However, it is clear the ALJ considered Plaintiff's testimony regarding his limitations and pain during and after activities of daily living. ECF No. 7-2 at 29, 39. He cites testimony from Plaintiff noting he "can comfortably lift 25-35 pounds," does yard work, and walks his dog up to a mile. *Id.* at 47. The ALJ found Plaintiff's "subjective complaints are not fully credible . . . [a]lthough the claimant's subjective complaints may have some merit, the totality of the supporting medical evidence does not provide clinical correlation of his symptomology to the degree of debility alleged with objective findings on examination." *Id.* at 46.

As noted by the Magistrate Judge, this court does not perform its own credibility determination, but determines whether the evidence is sufficient to support the ALJ's conclusions. While Plaintiff testified his activities of daily living cause pain and other symptoms, and that he is in "constant" pain in his lower back, the ALJ noted the medical records show mainly conservative treatment and the objective findings are not entirely consistent with the level of constant pain

4

Plaintiff describes. As these inconsistencies were properly considered by the ALJ, and substantial evidence supports his findings, this court will not disturb the credibility determination.

   *2) Residual Functional Capacity*

  Plaintiff next argues substantial evidence does not support the ALJ's finding Plaintiff has the RFC to perform a reduced range of medium work. ECF No. 24 at 3. The initial argument Plaintiff advances hinges on a finding that the ALJ erred in assessing Plaintiff's credibility and therefore the evidence does not support the RFC finding. Plaintiff also contends his medical records and testimony show he is "incapable of performing substantially all of the activities required of medium work, even with the limitations imposed by the ALJ." *Id.* at 4. He argues the ALJ's decision was conclusory because he did not assess whether Plaintiff could perform these duties on a regular and continuing basis, and he "over-assessed Plaintiff's RFC." *Id.*

  To the extent this argument relies on the credibility argument, it fails for the reasons above. Otherwise, Plaintiff provides little information about why the RFC assessment is wrong, merely reciting the severe impairments found by the ALJ and arguing "Plaintiff cannot perform the physical requirements of his past job or any other medium work." However, the ALJ noted Plaintiff was unable to perform his past work based on this RFC assessment, and the vocational expert testified as to jobs in the national economy that could be done with the limitations imposed by the ALJ, including limitations on how often Plaintiff could perform certain actions. Further, this argument was thoroughly considered by the Magistrate Judge, and Plaintiff presents no specific information as to errors in the Report, including, for example, what specific actions Plaintiff would not be able to complete. Therefore, this objection is overruled.

### 3) Vocational Consequences of Pain

Finally, Plaintiff argues the ALJ failed to perform the required analysis of the effect caused by Plaintiff's pain. ECF No. 24 at 5. He contends the ALJ "made only brief reference to Plaintiff's testimony on these issues" but should have considered Plaintiff's pain when making a decision regarding his work ability.

Again, the Magistrate Judge thoroughly considered this very argument, and specifically noted the ALJ's comprehensive discussion of the evidence regarding pain, including Plaintiff's testimony and medical records. The ALJ discussed the two-step process he followed as required by SSR 96-7p[3]: 1) determining whether there was an underlying medically determinable physical or mental impairment that could reasonably be expected to produce Plaintiff's pain or symptoms, and 2) evaluating the intensity, persistence, and limiting effect of the symptoms to determine the extent to which they limit his functioning. ECF No. 7-2 at 27-29 ("[T]he claimant's concerns about pain, limitation, and discomfort have been considered in assessing the exertional, postural, environmental, and manipulative limitations in his residual functional capacity."). The court agrees the ALJ properly considered the testimony and other evidence of pain in making his determination regarding disability. This objection is overruled.

---

[3] SSR 96-7p was superseded on March 28, 2016; however, it was in effect for the duration of Plaintiff's claim.

## **Conclusion**

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
June 7, 2018